UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEAN B. HOLLIDAY,                          :
      Plaintiff,                        :
                                        :
      v.                                :     Case No. 3:14-cv-855 (SRU)
                                        :
GREGORY AUGUSTINE, et al.,                  :
      Defendants.                       :

RULING ON PENDING MOTIONS

     This ruling deals with the defendants' motions to substitute the United States as a defendant [Doc. #22] and to dismiss the original complaint [Doc. #20], and the plaintiff's motions to cite additional party [Doc. #3], for entry of default [Doc. #4], hearing in damages [Doc. #5], and leave to file an amended complaint [Doc. #25].

I.    Motion to Substitute [Doc. #22]

     The defendants move to substitute the United States as a defendant in the tort claims asserted against defendants Department of Veterans Affairs, the Office of the General Counsel, the Veterans Affairs Inspector General Office, the Department of Veterans Affairs VA Police for Connecticut and the remaining defendants in their official capacities.

     The Federal Tort Claims Act ("FTCA") waives sovereign immunity and permits a lawsuit to proceed against the United States under circumstances where a private party would be liable under state law.  28 U.S.C. § 1346(b).  The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies.  *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("the FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment"); *Guo Hua Ke v.*

*Morton*, No 10 Civ. 8671(PGG), 2012 WL 4715211, at *12 (S.D.N.Y. Sept. 30, 2013) ("federal employees 'are immune from suit on ... claims of common-law tort'"); *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (stating that action under FTCA must be brought against the United States and not against a federal agency).  Accordingly, the defendants' motion to substitute is granted and the United States is substituted as the defendant in the tort claims included in this action.

II.      <u>Motion to Dismiss Original Complaint [Doc. #20]</u>

The defendants moved to dismiss the original complaint.  In response to the motion, the plaintiff has filed an amended complaint.  The defendants have filed a separate motion to dismiss the amended complaint which includes the arguments raised in the first motion.  In light of the second motion, the motion to dismiss the original complaint is denied as moot.

III.     <u>Motions to Cite Additional Party [Doc. #3] and Motion for Leave to Amend [Doc. #25]</u>

In his first motion for leave to cite additional party, the plaintiff seeks leave to include the VA Healthcare System as a defendant in this case.  He has included this entity as a defendant in the amended complaint.  Accordingly, leave to add that party no longer is required.  The motion to cite additional party is denied as moot.

In addition, the amended complaint was filed four days after the defendants moved to dismiss the original complaint.   Rule 15(a), Fed. R. Civ. P., allows the plaintiff to amend his complaint once as of right within twenty-one days of the filing of a motion to dismiss.  Because the plaintiff timely filed his amended complaint, leave to amend is not required.  The plaintiff's motion is denied as moot.

2

IV.   Motions for Entry of Default [Doc. #4] and Hearing in Damages [Doc. #5]

The plaintiff seeks the entry of default and an award of damages in the amount of

$4,866,780.00 against defendant Augustine for failure to appear.  All defendants appeared in this

case on June 12, 2014, when they filed their notice of removal.

The Second Circuit has expressed its preference that cases be decided on the merits, *see,*

*e.g.*, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), rather than by default, which

should be used "only in extreme situations and then only when a court finds willfulness, bad

faith, or any fault by the non-compliant party."  *Ho v. Target Construction of NY, Corp.*, No.

08-CV-4750(KAM)(RER), 2010 WL 2292202, at *3 (E.D.N.Y. June 3, 2010) (citations

omitted).  In light of this preference and the fact that the defendants have appeared and moved to

dismiss the action, the plaintiff's motion for default is denied.   Because the motion for default is

denied, the request for a hearing in damages is denied as moot.

V.   Conclusion

The defendants' motion to dismiss the original complaint [**Doc. #20**] is **DENIED** as

moot.  Their motion to substitute the United States as a defendant [**Doc. #22**] is **GRANTED**.

The Clerk is directed to add the United States as a defendant in this case.

The plaintiff's motions to cite additional party [**Doc. #3**] and for leave to amend [**Doc.

#25**] are **DENIED** as moot.  His motion for entry of default [**Doc. #4**] is **DENIED** and the

motion for hearing in damages [**Doc. #5**] is **DENIED** as moot.

SO ORDERED this 9th day of January 2015 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

3