UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEAN B. HOLLIDAY, :  | |
|     Plaintiff, : | |
| : | |
| v.  : | Case No. 3:14-cv-855 (SRU) |
| : | |
| GREGORY AUGUSTINE, et al., : | |
|     Defendants. : | |

RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #31]
AND PLAINTIFF'S MOTION TO CITE IN NEW PARTY [Doc. #28]

    The plaintiff, incarcerated and *pro se*, has filed an amended complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act. The remaining defendants move, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, to dismiss the amended complaint. The plaintiff has moved to cite in a new party. For the reasons that follow, the defendants' motion is granted and the plaintiff's motion is denied.

I.    Standard of Review

    A.    Rule 12(b)(1)

    Determining the existence of subject matter jurisdiction is a threshold inquiry. A claim is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the district court lacks the statutory or constitutional power to adjudicate the claim. *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). The plaintiff bears the burden of proving by a preponderance of the evidence the existence of subject matter jurisdiction. *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In determining whether jurisdiction exists, the court accepts all material factual allegations in the complaint as true, but does not draw inferences from the complaint in

the plaintiff's favor. The court also may consider evidence outside the pleadings. *Arar*, 532 F.3d at 168.

    B.    <u>Rule 12(b)(6)</u>

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. *See York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). Although the court generally does not consider affirmative defenses on a motion to dismiss, the court can consider a statute of limitations defense where the dates are not in dispute. *See Maye v. Durkin*, No. 3:10cv194 (VLB), 2012 WL 2521101, at *4 (D. Conn. June 28, 2012).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556

2

U.S. at 679). Even under this standard, however, the court liberally construes a *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

II.  Facts

On April 5, 2001, the plaintiff was arrested for breach of the peace. Subsequently, he was charged with and convicted in state court of attempted robbery and conspiracy to commit robbery at the VA Credit Union in Newington, Connecticut. The plaintiff currently is serving his sentence for that conviction.

Shortly after his conviction, the plaintiff learned that the VA Healthcare System and VA Police had three police reports in their possession regarding the incident underlying his conviction. The plaintiff began requesting unredacted copies of the reports in November 2004 under the Freedom of Information Act. He received redacted copies in 2005.

The plaintiff filed a petition for new trial in March 2006, based on the reports. The petition was denied as untimely filed. In 2009, the plaintiff sought to have defendant Augustine appear at his state habeas hearing to testify concerning the reports. Defendant Mead and the VA Office of Regional Counsel denied the requests on August 31 and October 9, 2009.

In November 2009, defendant Marling denied the plaintiff's request for an unredacted copy of one of the reports saying that such reports were destroyed after three years. On December 10, 2010, defendant Gunn issued a final decision regarding the plaintiff's FOIA request, stating that the unredacted copy was withheld in its entirety pursuant to FOIA exemption 6. The plaintiff contends that this shows that defendant Marling's response was false. The plaintiff alleges generally that defendants Joe, Bond, Neves, Griffin Johnson, Burke, Deutsch,

McCarthy and Shields also denied him unredacted copies of the reports.

III.     Discussion

In his amended complaint, the plaintiff asserts *Bivens* claims for denial of his Fifth, Sixth and Fourteenth Amendment rights to due process, to confront the witnesses against him and obtain compulsory process for obtaining witnesses against him, as well as his Eighth Amendment rights to be free from cruel and unusual punishment and racial discrimination.  He also asserts a claim of negligence under the FTCA.

The defendants move to dismiss the amended complaint.  Although advised of his obligation to respond to the motion, the plaintiff neither filed a memorandum in opposition to the motion to dismiss nor sought an extension of time within which to do so.  Because the defendants reassert the arguments they made in their motion to dismiss the original complaint, the Court considers the plaintiff's memorandum in opposition to the original motion to dismiss as addressing the motion to dismiss the amended complaint.

A.     Claims Against Federal Agencies and Federal Employees in Official Capacities

The plaintiff includes as defendants the Veterans Affairs Connecticut Healthcare, Department of Veterans Affairs Office of the General Counsel, Veterans Affairs Inspector General's Office, Department of Veterans Affairs VA Police for Connecticut and defendants Augustine, Mead, Marling, Gunn, Joe, Bond, Neves, Griffin, Johnson, Burke, Deutsch, McCarthy and Shields in their official capacities.  The defendants argue that any claims against federal agencies or federal employees in their official capacities are not cognizable in this action.

Suits against federal agencies or federal officials in their official capacities are considered to be suits against the United States.  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502,

510 (2d Cir. 1994); *see also Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) ("an action must be brought against the United States rather than an agency thereof"); *Russo v. Glasser*, 279 F. Supp. 2d 136, 140 (D. Conn. 2003) ("suits filed against federal government employees acting in their official capacities must be considered as suits against the United States"). The United States has sovereign immunity from suit. It can be sued only with consent and under the terms Congress may impose. *See United States v. Sherwood*, 312 U.S. 584 (1941); *Adeleke v. United States*, 335 F.3d 144, 150 (2d Cir. 2004). *Bivens* constitutes consent for suit against federal employees in their individual capacities only for money damages. The Court did not authorize suit against federal officials in their official capacities, federal agencies or the United States. *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994); *Pimental v. Deboo*, 411 F. Supp. 2d 118, 126 (D. Conn. 2006). Similarly, the FTCA constitutes a waiver of sovereign immunity, but only for suits against the United States. Relief under the FTCA is restricted to money damages. *See* 28 U.S.C. § 1346(b)(1) (allowing suits for money damages only); *Diaz-Bernal v. Myers*, 758 F. Supp. 2d 106, 117 n.5, 118 n.6 (D. Conn. 2010).

"The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Presidential Gardens Assocs. v. United States ex rel. Secretary of Housing and Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). Any waiver of sovereign immunity must be "unequivocally expressed"; it cannot be implied. *United States v. Testan*, 424 U.S. 392, 399 (1976).

Because the plaintiff has not asserted any claims for which the United States has waived sovereign immunity against the Veterans Affairs Connecticut Healthcare, Department of Veterans Affairs Office of the General Counsel, Veterans Affairs Inspector General's Office, Department of Veterans Affairs VA Police for Connecticut and defendants Augustine, Mead,

Marling, Gunn, Joe, Bond, Neves, Griffin, Johnson, Burke, Deutsch, McCarthy and Shields in their official capacities, the defendants' motion to dismiss is granted on the ground that the court lacks subject matter jurisdiction over claims against those defendants. Because the plaintiff asserts claims under *Bivens* and the FTCA which allow suit for money damages only, all request for declaratory and injunctive relief also are dismissed.

      B.     *Bivens* Claims

To assert a cognizable *Bivens* claim, the plaintiff must allege facts demonstrating that the defendants violated his constitutionally protected rights. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001) (explaining that *Bivens* recognizes "in limited circumstances a claim for money damages against federal officers who abuse their constitutional authority"); *Schweiker v. Chilicky*, 487 U.S. 412, 447 (1988) (in a *Bivens* action, the plaintiff must "prove a deliberate abuse of governmental power rather than mere negligence"). If the complaint fails to allege the deprivation of a constitutionally protected right, it should be dismissed. *Van Eck v. Gallucci*, 321 F. Supp. 2d 368, 371 (D. Conn. 2004). In addition, conclusory allegations are insufficient to support a *Bivens* claim. *See id.* at 372 (declining to conduct full analysis of Rule 12(b)(6) motion where plaintiff alleges only broad and conclusory claims). There is a three-year limitations period for filing a *Bivens* action. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005).

The defendants contend that the plaintiff's *Bivens* claims for denial of due process based on the denial of his requests that defendant Augustine testify at his habeas hearing in 2009 and denial of his FOIA request in 2010 are time-barred. The final denial of his request for defendant Augustine to testify and produce the police report at the plaintiff's state habeas hearing occurred

on October 9, 2009.  The final decision denying his FOIA request was issued on December 10, 2010.  The plaintiff had three years from those dates to file a *Bivens* action.  The limitations periods expired on October 9, 2012, and December 10, 2013.  The plaintiff commenced this action in state court on April 21, 2014, at least four months too late.  *See Holliday v. Augustine*, No. HHB-CV 14-5015986-S (Conn. Super. Ct. June 12, 2014) (removed to federal court), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHBCV145015986S (last visited Dec. 1, 2014).  Thus, the *Bivens* claims are time-barred.

In hopes of avoiding the statute of limitations bar, the plaintiff attempts to argue that the facts constitute a continuing violation.  The continuing violations doctrine is typically utilized in Title VII employment discrimination cases.  Under the doctrine, the limitations period is tolled until the last act in furtherance of discriminatory policies or practices occurs.  *See Samsusi v. Department of Homeland Sec.*, No. 06 CV 2929 (SJ)(JMA), 2014 WL 1310344 at *5 (E.D.N.Y. Mar. 31, 2014) (citations omitted).  The Second Circuit has not addressed the applicability of the continuing violation doctrine to *Bivens* actions that do no involve allegations of discrimination.  *Id.* (citing cases).  Absent clear direction from the Second Circuit, the district courts within this circuit generally disfavor expansion of the continuing violation doctrine.  *See id.* (citing *Koehl v. Greene*, No. 06-cv-0478, 2007 WL 2846905m at *7-9 (N.D.N.Y. Sept. 26, 2007) (collecting cases)).

Although the plaintiff includes general allegations of discrimination, he alleges no facts suggesting that any of the defendants' actions were racially motivated.  Accordingly, the Court declines to extend the continuing violation doctrine in this case.

In addition, even if the continuing violation doctrine were available, the plaintiff fails to

demonstrate its applicability. To employ the doctrine, the plaintiff must demonstrate the existence of an ongoing unlawful policy and some non-time-barred acts taken in furtherance of that policy. *See Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). The refusal to permit defendant Augustine to testify at the plaintiff's state habeas hearing occurred in 2009. The final denial of his FOIA request occurred in 2010. The plaintiff alleges no additional actions by the defendants after those dates. Thus, he fails to allege facts satisfying the second requirement.

The plaintiff includes general claims for discrimination and violation of his Eighth Amendment rights. The plaintiff argues that he is discriminated against and subjected to cruel and unusual punishment because he continues to be incarcerated on the state sentence and believes that the police reports would exonerate him. These claims, however, are based on the failure to provide him unredacted copies of the police reports. Thus, these claims also are time-barred. The defendants' motion to dismiss is granted with respect to the *Bivens* claims.

    C.    <u>FTCA Claim</u>

The court lacks subject matter jurisdiction over a federal tort claim unless the plaintiff first has timely exhausted his administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). FTCA claims have a two-year limitations period. A "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in district court. This requirement is jurisdictional and cannot be waived."). Under federal law, a tort claim accrues at

the time the harm occurs.  *See United States v. Kubrick*, 444 U.S. 111, 120 (1979).

The plaintiff argues that the limitations period should be equitably tolled because he was not given an administrative claim form and refers the court to *James v. United States*, No. 99 Civ. 4238 BSJ, 2000 WL 1132035 (S.D.N.Y. Aug. 8, 2000).  As the Court in *James* explained, "the Court may extend statutes of limitations in suits against the government, but only 'in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id.* at *2 (quoting *Irwin v. Veterans Administration*, 498 U.S. 89, 96 (1990)).  Application of the doctrine requires that the plaintiff be "prevented in some extraordinary way from exercising his rights." *Id.* (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks omitted)).  In *James*, the plaintiff met with several VA officials regarding his claim and was referred to other persons who investigated his claim and told the plaintiff that the claim had merit but was not told to file the administrative claim.  *Id.* at *2-3.  The court considered these circumstances unique and held that the failure of the VA officials to provide the plaintiff an administrative claim form when they learned of his claims tolled the limitations period.  *Id.* at *3.

Although Southern District of New York has recognized equitable tolling in an FTCA case, the Second Circuit has not yet specifically addressed that issue.  *See Phillips v. Generations Family Health Center*, 723 F.3d 144, 149 (2d Cir. 2013) ("whether equitable tolling is available at all under the FTCA is an open question in this circuit.").  Even if equitable tolling were available, however, the plaintiff has alleged no facts suggesting the rare and extraordinary circumstances required to equitably toll the limitations period or that he acted diligently

9

throughout the period he seeks to toll.

In his opposition to the motion to dismiss, the plaintiff describes his FTCA claim as negligence by Nelly McCrory when, in response to the plaintiff's FOIA request, she stated on December 6, 2004, that there were no responsive records. He does not reference claims against any of the other defendants. Doc. #29-1 at 10. The plaintiff alleges in other parts of the complaint, however, that he learned of the existence of the reports when he received redacted copies in 2005. Thus, by his own allegations, the plaintiff was aware of any possible negligence claim against Ms. McCrory within the limitations period but took no action on that claim. Regarding possible negligence claims against the other defendants, the plaintiff was aware of the existence of the unredacted copies of the reports at the latest in December 2010 when he received the final FOIA decision. For example, the plaintiff alleges that, on November 13, 2009, defendant Marling told him that the reports were destroyed after three years. He was aware that unredacted copies existed and were being withheld no later than December 2010 when he received the final FOIA decision. Again, he was aware of any claim against defendant Marling within the limitations period.

Unlike the facts in *James*, the plaintiff does not allege that any officials at the VA told him they were investigating and evaluating his claim, thereby concealing any wrongdoing and preventing or discouraging him from pursuing an administrative remedy during the limitations period. The defendants' motion to dismiss the FTCA claim is granted .

IV.     Motion to Cite In New Party [Doc. #28]

The plaintiff seeks leave to add Nelly McCrory as a defendant. Because all claims, including those against Ms. McCrory, are time-barred, the motion is denied as futile.

10

V.	Conclusion

The defendants' motion to dismiss the amended complaint [**Doc. #31**] is **GRANTED** and the plaintiff's motion to cite additional party [**Doc. #28**] is **DENIED** as moot.

The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** this 9th day of January 2015 at Bridgeport, Connecticut.

>	/s/ STEFAN R. UNDERHILL
>	Stefan R. Underhill
>	United States District Judge